[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Harold J. Buchanan (Buchanan), made application to this court seeking a declaratory judgment ordering that he be permitted to transfer to Settlement Capital Corporation (SCC) his right to receive a structured settlement payment of $55,000, due in October 2002, in accordance with C.G.S. § 52-225f which permits persons to transfer their rights to future structured settlement payments under certain circumstances. This payment is one of fine remaining payments due CT Page 15160 to him between now and the year 2027. The defendants, Federal Home Life Insurance Company (FHLIC) and Union Fidelity Life Insurance Company (UFLIC) have objected to the plaintiff's application. A hearing was held on August 31, 1999. The parties have filed post-trial briefs.
The issue to be decided is whether the plaintiff can, without the permission of the insurer, assign the present value of his interest for reasons that are sound and a consideration that is reasonable where a contract provision prohibits such an assignment unless the insurer agrees to it. The plaintiff has, pursuant to C.G.S. § 52-225f, filed a declaratory judgment asking the court to approve the transfer of a payment from the defendant to SCC so that the latter will advance the amount due to him in October 2002. The defendant has objected stating that under the terms of the contract a transfer is prohibited and C.G.S. § 52-225f is inapplicable. The court disagrees and finds that the statute is controlling provided it is in the plaintiff's best interest to obtain early payment from SCC. The statute permits such transfers of interest if the court finds it is in the best interest of the payee and is fair and reasonable to all interested parties.
In this case, the court finds that it is in the best interest of the plaintiff to obtain payment now and to transfer to SCC his right to collect in the year 2002. It also finds that the terms are fair and reasonable to all interested parties under the circumstances then existing. There is no substantial impairment of any contract right of the defendants.
 Facts
The plaintiff was injured in an automobile accident in May 1985. By a settlement agreement and release he agreed to accept a structured settlement from the defendant's insurer in that case and the insurer agreed to the following payment schedule:
 1. Immediate cash $105,000 2. $25,000 payable on 10/15/92 guaranteed 3. $35,000 payable on 10/15/97 guaranteed 4. $55,000 payable on 10/15/02 guaranteed 5. $75,000 payable on 10/15/07 guaranteed 6. $100,000 payable on 10/15/12 guaranteed 7. $125,000 payable on 10/15/17 guaranteed 8. $150,000 payable on 10/15/22 guaranteed CT Page 15161 9. $250,000 payable on 10/15/27 guaranteed
The settlement agreement was signed by the parties on November 12, 1987. All payments due prior to October 15, 2002 were made in accordance with the Agreement.
At the hearing, Buchanan testified that he was 30 years of age and has an income of $28,000 per year as a carpenter. He was married and has one child. He was divorced in 1998. Although he has an annual income of $28,000 per year, because of the divorce he has fallen behind in his bills and is now $20,000 in debt. He has had to buy a home, pay off student loans, pay child support and medical bills. He also owes back taxes. He is concerned that his car will be repossessed. Creditors have been harassing him by phone. He tried to borrow money from banks and other sources without success. It is the view of the court that he needs the money now. SCC will pay him approximately $31,000 in return forthe $55,000 due to him in 2002. He explained to the court that he wants to get out of debt. The payment will allow him to pay off the $20,000 in bills that he has. It is his claim that the payment is in his best interest at this time. The court agrees.
The court finds that the statute was enacted for situations such as are present in this case. Furthermore, it must be noted that Buchanan is asking that only the 2002 payment be advanced by SCC. There is no request that the other five payments due between 2007 and 2027 be advanced. The court is firmly convinced that Buchanan's decision is well reasoned and in his best interest. The court also finds that it is fair and reasonable to all interested parties under all the circumstances then existing.
 Dicussion
The defendants argue that the anti-assignment provisions of the Agreement and Annuity Contract preclude Buchanan from transferring the payment to SCC and, therefore, the statute is not applicable. They cite cases of Grieve v. General AmericanLife Insurance Company, et al, Docket No. 2:98-CV-57 (U.S. District Court for the District of Vermont) and Bobbit v. SAFECOAssigned Benefits Service Co., Superior Court, Judicial District of Hartford at Hartford, Docket No. CV-99-05882055 (August 25, 1999) (Berger, J.).
The Grieve case was decided on the basis that the proposed settlement was not in the plaintiff's best interest and hence is CT Page 15162 not controlling in the case before the bar. In Bobbit, the court also found that the proposed transaction was not in the best interest of the plaintiff. The facts were different from the present situation and, therefore, not controlling. Both cases are distinguishable from this case on the facts.
In both cases, possible tax consequences to the defendants were considered. However, the purported tax consequences to the insurer were found to be speculative. No case has been cited stating that transfer of a structured settlement payment has resulted in adverse tax consequences to an insurer in the same posture as the defendants in this case.
In another Connecticut case, Rumbin v. Ithica Mutual Ins.Co., Superior Court, Judicial District of Ansonia/Milford, Docket No. CV-99-064719 (March 2, 1999) (Flynn, J.), the court found that the insurer had failed to demonstrate any prejudice or detriment to its position. The court also reviewed the legislative history with respect to possible tax problems and determined that the transfer of payments to a third party posed no threat to the structured tax settlement advantages.
The court, therefore, finds that the statute permits the plaintiff to transfer his rights to the 2002 settlement to SCC.
The court also finds that it is in the plaintiff's best interest to obtain money now from SCC and transfer his interest to SCC. Finally, the court finds that the terms of the transfer are fair and reasonable to all interested parties under all the circumstances and that there is no substantial impairment of any contract right of the defendants, including any possible tax consequences.
The recent case of Settlement Funding LLC — d/b/a PeachtreeSettlement Funding v. Jamestown Life Insurance Company and FirstColony Life Ins. Co., United States District Court for the Northern District of Georgia (Sept. 16, 1999) discusses all the issues raised in the instant case and finds that the structured settlement payments, funded by an annuity were assignable citing the United States Court of Appeals for the Third Circuit,Western-United Life Insurance Co. v. Hayden, 64 F.3d 833, 839
(3rd Cir. 1995). As in the instant case, the settlement agreement contained a prohibition against the "right to accelerate, defer, increase or decrease the amount of the amount of" the periodic payments. The defendants contended that such language prohibits CT Page 15163 assignments of the payments. "As plaintiff submits, a transfer of payment rights would not accelerate, defer, increase or decrease any payments from the defendants. An assignment merely causes the payments from Jamestown to be made to the plaintiff instead of the Biddixes. The assignment has no effect on the timing of the payments or the amount of the payments." Id., p. 17.
According to the Settlement Funding LLC case, "the IRS has not yet issued any regulations, private rulings or other pronouncements on the question of the tax consequences of the assignment of the periodic payment rights." Id., p. 21.
John Chapaton, Assistant United States Treasury Secretary for Tax Policy from 1981 to 1984, testified before the House Ways and Means Committee regarding Section 130:
 "[T]he sale of structured settlement payments by a claimant should have no adverse tax consequences to any party . . . The notion that a sale by a claimant, many years after the fact, could somehow cause the structured settlement company to lose its original benefit under Sec. 130 (of the "Periodic Settlement Act of 1982" P.L. 97-473) . . . is nonsensical. It cannot be a serious assertion. Id., p. 21.
 Conclusion
The court finds that Buchanan may assign his rights to the payment due in 2002 to SCC Although this assignment is prohibited by the language in the settlement agreement, it is clearly permitted by C.G.S. 52-225f. There is no adverse tax consequences to either party because of the assignment. The court, therefore, grants the plaintiff's Application for Declaratory Judgment.
D. Michael Hurley, Judge Trial Referee